■ JAMES J. NACKLEY et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 53456.) — Judgment unanimously modified, on the law and facts, in accordance with Memorandum and, as modified, affirmed, without costs. Memorandum: The court awarded damages for the appropriation of claimant's real estate "predicated on the evidence of comparables adduced by the appraisers" as follows: land — $21,543; land improvements — $1,900; buildings — $29,500. The appraisers for both sides testified as to all three standard methods of evaluation but both relied upon market data approach. The findings for land and land improvements were well within the range of evidence but there is no separate value for the buildings by claimants' appraiser because he relied upon whole to whole comparables. His only separate value for the buildings was $29,500 found in his analysis of the cost approach, a method he expressly discarded as not appropriate for this property (Karp Amusement Co. v. State of New York, 36 A D 2d 801). The State appraiser placed a value of $13,000 on the buildings and the State claims that since there was no range of testimony that value must be accepted as the only probative evidence in the record. It appears, however, that by using claimants' whole to whole value of $65,000 for the property and subtracting his value of the land and land improvements totaling $47,786 from the whole, a building value of $17,214 may be found. By adopting the court's award on land and land improvements and adding this amount for buildings to it, a total award of $40,657 is determined. The Court of Claims' judgment of $52,943 should be modified by reducing it $12,286 to a total award of $40,657. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Goldman, P. J., Del Vecchio, Witmer Moule and Simons, JJ.